IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN BARBER,

    Plaintiff,

v.

PAT GARRETT, et al.,

    Defendants.

Case No. 3:18-cv-01257-AC

ORDER

MOSMAN, Chief Judge.

Plaintiff, an inmate at the Washington County Jail, brings this civil rights action *pro se*. On August 30, 2018, this court issued an Order dismissing Plaintiff's Complaint. The Order advised Plaintiff of the deficiencies of his Complaint and granted him leave to file an Amended Complaint within 30 days curing those deficiencies. Currently before the court are Plaintiff's Motion for Extension of Time (ECF No. 9), whereby Plaintiff seeks an unspecified extension of time to file his Amended Complaint, and requests an order "requiring that Washington jail employees provide him photocopies, refrain from further threats of punishment solely for requesting to have photocopies, and to contact his Post Conviction Appellate attorney," and Plaintiff's "Motion for Declaratory Judgement" (ECF No. 10), whereby he seeks an order requiring "that the Washington County Jail

1 - ORDER -

must provide reasonable postage and envelopes when required to send legal mail and exercise access to the Courts . . . [and] that he be allowed to call toll free his attorney, or government offices connected with his access to the courts."

The court hereby GRANTS Plaintiff's request for an extension of time to file an Amended Complaint; Plaintiff has until October 31, 2018, to file an Amended Complaint curing the deficiencies noted in the August 30, 2018, Order of dismissal. The court construes Plaintiff's remaining requests as a motion for temporary restraining order and, so construed, the court DENIES Plaintiff's requests.

Immediate injunctive relief, such as a temporary restraining order, may be granted without written or oral notice to the adverse party or that party's attorney only if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition. See Fed. R. Civ. P. 65(b)(1)(A). Plaintiff does not satisfy this requirement; he has not submitted an affidavit and there is currently no operative Complaint before the court.

## CONCLUSION

For these reasons, the court GRANTS Plaintiff's Motion for Extension of Time (ECF No. 9) to file an Amended Complaint. Plaintiff's Amended Complaint is due October 31, 2018. The court DENIES Plaintiff's Motion for Declaratory Judgment (ECF No. 10).

IT IS SO ORDERED.

DATED this 26 day of Oct., 2018.

Michael W. Mosman
United States Chief District Judge

2 - ORDER -